Filed 11/13/25

VERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-02058

| | |
|---|---|
| Gage Pinders,<br>    Plaintiff<br><br>    v.<br><br>Vermont Agency of Education,<br>    Defendant | DECISION ON MOTION |

## RULING ON MOTION TO DISMISS

This case arises out of the unintentional disclosure of information from Plaintiff Gage Pinders' educational records by Defendant Vermont Agency of Education (the "Agency") in response to a public records request. In his Amended Complaint, Mr. Pinders asserts that the Agency's actions caused him harm and that the Agency is liable to him for negligence, negligent invasion of privacy, and negligent infliction of emotional distress and reputational harm. The Agency has moved to dismiss the complaint pursuant to Rule 12(b)(1) of the Vermont Rules of Civil Procedure, asserting that the Court lacks subject matter jurisdiction based on sovereign immunity, and Rule 12(b)(6), arguing the complaint fails to state a claim for which relief can be granted. For the reasons discussed below, the Agency's motion to dismiss is GRANTED.

### Factual Background

In his Amended Complaint, Mr. Pinders alleges that the Agency inadvertently disclosed sensitive, disability-related information to a member of the public, which made its way to a member of the media. Am. Compl. ¶¶ 1, 3.1-3.2. A formal complaint was submitted to the United States Department of Education's Student Privacy Policy Office ("SPPO") in June 2024, and a representative from that office informed Mr. Pinders' mother that the complaint was substantiated as a violation of the Family Educational Rights and Privacy Act ("FERPA"). *Id.* ¶ 3.3; Ex. B (letter to Mr. Pinders' mother from SPPO substantiating complaint). In April 2025, a formal notice of claim was served on the Vermont Attorney General's Office pursuant to the Vermont Tort Claims Act. *Id.* ¶ 3.6. The Attorney General's Office acknowledged the disclosure but denied Mr. Pinders any financial compensation, stating that no remedy was available. *Id.* ¶ 3.7. This action followed.

### Discussion

"Motions to dismiss for lack of subject-matter jurisdiction and for failure to state a claim under Vermont Rules of Civil Procedure 12(b)(1) and (6) may not be granted unless it appears

beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." *Wool v. Office of Prof'l Regulation*, 2020 VT 44, ¶ 8, 212 Vt. 305 (quotation omitted). Courts assume a plaintiff's factual assertions are true for purposes a Rule 12(b)(6) the motion. *Id.* A motion under Rule 12(b)(1) differs from a motion under Rule 12(b)(6) "in that 'the former determines whether the plaintiff has a right to be in the particular court and the latter is an adjudication as to whether a cognizable legal claim has been stated.'" *Housing Our Seniors in Vt. Inc. v. Agency of Comm. & Cmty. Dev.*, 2024 VT 12, ¶ 9, 219 Vt. 80 (quoting 5B Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civil* § 1350 (3d ed. 2023)).

I.  Sovereign Immunity.

Lawsuits against the State are barred unless the State waives its sovereign immunity. *Earle v. State*, 2006 VT 92, ¶ 9, 180 Vt. 284 (citing *Estate of Gage v. State*, 2005 VT 78, ¶ 4, 178 Vt. 212); *see State v. Stocker*, 2021 VT 71, ¶ 22, 215 Vt. 432 ("The State can only be held liable for damages when it has expressly waived sovereign immunity." (citing *Sutton v. Vt. Reg'l Ctr.*, 2019 VT 71A, ¶ 35, 212 Vt. 612)). The Vermont Tort Claims Act ("VTCA") provides, in relevant part, as follows:

> The State of Vermont shall be liable for injury to persons or property or loss of life caused by the negligent or wrongful act or omission of an employee of the State while acting within the scope of employment, under the same circumstances, in the same manner, and to the same extent as a private person would be liable to the claimant . . . .

12 V.S.A. § 5601(a).

As the VTCA makes clear, the State can only be held liable for the negligent acts of its employees if a similar cause of action could be asserted against a private person. *See, e.g.*, *Stocker*, 2021 VT 71, ¶ 22 ("The State has thus waived immunity only to the extent a plaintiff's cause of action is comparable to a recognized cause of action against a private person." (quotation omitted)); *Denis Bail Bonds, Inc. v. State*, 159 Vt. 481, 485, 622 A.2d 495, 498 (1993) (noting that the "waiver [of sovereign immunity] is primarily directed at the ordinary common-law torts" (quotation omitted)). "By maintaining a link to private causes of action, this approach serves to prevent the government's waiver of sovereign immunity from encompassing purely 'governmental' functions. Its effect, therefore, is to waive immunity from recognized causes of action and was not to visit the Government with novel and unprecedented liabilities." *Denis Bail Bonds*, 159 Vt. at 485-86 (quotation omitted). "Under this 'private analog' analysis, governmental liability may arise only if a plaintiff's cause of action is comparable to a cause of action against a private citizen and his allegations, taken as true, will satisfy the necessary elements of that comparable state cause of action.'" *Id.* at 486 (quotation omitted)). To determine whether the State has waived its sovereign immunity, then, the Court must determine both whether Mr. Pinders' factual allegations "satisfy the necessary elements of a recognized cause of action" and whether his claims could be maintained against a private person. *Kane v. Lamothe*, 2007 VT 91, ¶¶ 6-7, 182 Vt. 241.

2

I.      Negligence (Count I).

To assert a claim of negligence, Mr. Pinders must show that the Agency owed him a legal duty, that the Agency breached that duty, and that he suffered actual damages as a proximate result of that breach. *Kane*, 2007 VT 91, ¶ 7. As the *Kane* Court recognized, "in most cases of negligence against the State, the decisive element is duty." *Id*. Here, Pinders purports to base his negligence claim on the Agency's alleged violation of FERPA, IDEA, and 16 V.S.A. § 164. *See* Am. Compl. ¶ 4.2 (alleging that the Agency "owed a clear and legally recognized duty of care to [him] to maintain and preserve the confidentiality of personally identifiable information (PII), including sensitive disability-related information, pursuant to federal statutes such as (FERPA) and the Individual with Disabilities Education Act (IDEA), which impose confidentiality obligations on educational agencies, as well as Vermont state law"). However, none of these statutes imposes an actionable duty on the Agency that is owed to students such as Mr. Pinders.

As an initial matter, Pinders concedes that the statutes he relies on do not provide him with a private right of action against the Agency. For example, remedies for violating FERPA's requirements belong to the Secretary of Education and include withholding funds, issuing a complaint to compel compliance, and seeking a recovery of funds. 20 U.S.C.A. § 1234c. The statute does not authorize a private right of action by students against educational agencies or institutions subject to FERPA based on alleged violations of its requirements. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 287 (2002) ("[T]here is no question that FERPA's nondisclosure provisions fail to confer enforceable rights. . . . Unlike the individually focused terminology of Titles VI and IX . . ., FERPA's provisions speak only to the Secretary of Education . . . . This focus is two steps removed from the interests of individual students and parents and clearly does not confer the sort of 'individual entitlement' that is enforceable under § 1983." (citations omitted)). The Secretary of Education also has regulatory and enforcement authority under IDEA, and that statute does not provide students with a private cause of action to enforce the Act's substantive provisions. *Cty. of Westchester v. New York*, 286 F.3d 150, 153 (2d Cir. 2002). Likewise, the Vermont statute Pinders cites, 16 V.S.A. § 164, does not authorize a student to sue the Agency for any particular grievance. *See Montague v. Hundred Acre Homestead, LLC*, 2019 VT 16, ¶ 22, 209 Vt. 514 ("This second claim of negligence fails because the safety statute and regulations cited by Montague do not support a private action for damages by Montague against Hundred Acre."); *Andrew v. State*, 165 Vt. 252, 260, 682 A.2d 1387, 1392 (1996) (rejecting plaintiff's claim for negligent enforcement of safety standards against State because no private analog existed and claim would "visit the government with novel and unprecedented liabilities" (quotation omitted)).

Further, the Court cannot discern from the statutory language any intent to create a duty that would be owed to private individuals, as opposed to the relevant governmental regulatory bodies. Thus, FERPA creates a duty of compliance by agencies and institutions towards the federal government, but it does not impose any such duty owed to private individuals. *See* 20 U.S.C.A. § 1232g(b) (stating that funds will not be made available to education agencies or institutions that have policies or practices that permit release of student education records, without obtaining written consent, with exceptions that do not apply here). IDEA requires state agencies that receive financial assistance to establish and maintain particular procedures to

3

ensure procedural safeguards are provided to children with disabilities and their parents. *See* 20 U.S.C.A. § 1415. As with FERPA, educational agencies that receive funds under IDEA are answerable to the Secretary of Education, who has monitoring and enforcement rights, not to individual students or their parents, who do not. *Id*. §§ 1416-17. Finally, 16 V.S.A. § 164 describes the State Board of Education's general powers and duties, and requires that the Board report annually to the Governor and the General Assembly on its progress developing education policy for the State. *See* 16 V.S.A. § 164(21). The statute does not address any duty the Board owes to students.[1]

In sum, because Mr. Pinders has failed to show that the Agency owed him any duty under the federal and Vermont statutes he cites, he cannot establish the elements of his negligence claim. *See Kane*, 2007 VT 91, ¶ 7 ("Before determining whether a private analog exists, we must first determine whether the factual allegations satisfy the necessary elements of a recognized cause of action."). Therefore, the Agency's Rule 12(b)(6) motion to dismiss Count I is granted.

### III. Negligent Invasion of Privacy (Count II).

Count II of the Amended Complaint seeks to assert a claim for negligent invasion of privacy. Pinders is correct that Vermont recognizes the tort of invasion of privacy, and therefore a private analog for this claim could exist. However, as the Vermont Supreme Court has explained, "[i]nvasion of privacy is a substantial, intentional intrusion upon the solitude or seclusion of another, or upon his private affairs or concerns, which would be highly offensive to a reasonable person." *Harris v. Carbonneau*, 165 Vt. 433, 439, 685 A.2d 296, 300 (1996) (citations omitted). Thus, invasion of privacy is an *intentional* tort that requires the allegation of a deliberate violation. *See id*. (holding that plaintiff's "pleadings did not support a theory of invasion of privacy" where no intentional conduct was alleged); *see also Kilburn v. Simmon*, 2025 VT 32, ¶ 28, 342 A.3d 887 (invasion of privacy is intentional tort); *Pion v. Bean*, 2003 VT 79, ¶ 35, 176 Vt. 1 ("To establish an invasion of privacy, defendants needed to show that plaintiffs intentionally interfered with their interest in solitude or seclusion . . . ." (citation omitted)). Here, Pinders has sued the Agency for *negligent* invasion of his privacy and he acknowledges that the disclosure of his confidential information was inadvertent and unintentional. *See* Am. Compl. ¶ 3.2 (stating that the "Agency described the disclosure as 'inadvertent' but under Vermont law negligence is established without the requirement of intent"). Accordingly, Pinders has failed to state a claim for invasion of privacy, and Count II must be dismissed.[2]

---

[1] Pinders' reliance on the Public Records Act, which exempts certain records from public inspection, but does not create any duty owed to persons whose information may be in such records, is similarly misplaced. *See* 1 V.S.A. § 317(c)(11).

[2] Contrary to Pinders' assertion, the Court's decision in *Lawson v. Halpern-Reiss*, 2019 VT 38, 210 Vt. 224, did not recognize the general tort of negligent disclosure of confidential information. Opp. at 6. Rather, following a detailed discussion of the historical and policy considerations supporting the development of a common-law remedy, "the Court "join[ed] the consensus of jurisdictions recognizing a common-law private right of action for damages arising from a medical provider's unauthorized disclosure of information obtained during treatment,"

IV.     Negligent Infliction of Emotional Distress and Reputational Harm (Count III).

Mr. Pinders also seeks to assert a claim for negligent infliction of emotional distress and "reputational harm."  Pinders is again correct that Vermont recognizes a cause of action for negligent infliction of emotional distress.  However, such a claim is restricted to situations where the claimant faced physical harm:

> To establish a claim for negligent infliction of emotional distress, a plaintiff must make a threshold showing that he or someone close to him faced physical peril.  The prerequisites for establishing a claim differ according to whether plaintiff suffered a physical impact from an external force.  If there has been an impact, [the] plaintiff may recover for emotional distress stemming from the incident during which the impact occurred.  If plaintiff has not suffered an impact, plaintiff must show that: (1) he was within the "zone of danger" of an act negligently directed at him by defendant, (2) he was subjected to a reasonable fear of immediate personal injury, and (3) he in fact suffered substantial bodily injury or illness as a result.

*Zeno-Ethridge v. Comcast Corp.*, 2024 VT 16, ¶ 6, 219 Vt. 121 (quoting *Brueckner v. Norwich Univ.*, 169 Vt. 118, 125, 730 A.2d 1086, 1092 (1999)).  There are two recognized exceptions to the physical-impact requirement that do not apply in this case.  *See id*. n.4 (physical-injury requirement not necessary for negligent infliction of emotional distress claim based on mishandling bodily remains or negligent transmission of death announcement).  Because there was no physical peril at issue here, Mr. Pinders cannot pursue his claim for negligent infliction of emotional distress.  Further, while a successful plaintiff may be able to recover damages for reputational harm in an action for negligence or other tort claim, Vermont does not recognize an independent cause of action for the negligent infliction of reputational harm itself.  *See, e.g.*, *Cooper v. Myer*, 2007 VT 131, ¶ 9, 183 Vt. 561 (defamation may result in reputational damages, which plaintiff must prove with evidence of actual harm); *Herrera v. Union No. 39 Sch. Dist.*, 2006 VT 83, ¶ 23, 181 Vt. 198 (damages due to reputational harm may be recoverable in wrongful discharge case); *Tour Costa Rica v. Country Walkers, Inc.*, 171 Vt. 116, 124, 758 A.2d 795, 802 (2000) (in promissory estoppel case, plaintiff may be able to recover damages due to reputational harm).  Therefore, the Agency is also entitled to dismissal of Count III for failure to state a claim.

---

noting it did "not do so lightly."  *Id*. ¶ 14.  No such historical and policy analysis has been provided to support recognizing a claim here.  Moreover, *Lawson* involved the intentional disclosure of confidential information, *see id*. ¶¶ 3-4, whereas this case alleges only an unintentional disclosure.  Thus, *Lawson* does not assist Mr. Pinders' cause.  Nor are Pinders' citations to the Restatement (Second) of Torts § 652D (publicity given to private life) and § 652E (publicity placing person in false light) persuasive, as those sections discuss different forms or mechanisms of the invasion of privacy, which, as discussed above, is an intentional tort.

Order

For the foregoing reasons, Defendant Vermont Agency of Education's Motion to Dismiss Amended Complaint (Mot. #4) is GRANTED.

Electronically signed on November 12, 2025 at 10:03 AM pursuant to V.R.E.F. 9(d).

_____
Megan J. Shafritz
Superior Court Judge